UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| KRISTIE SEMROW, <br><br> Plaintiff, <br><br> v. <br><br> DELTA AIR LINES, INC., <br><br> Defendant. | CIVIL NO. 4:23-cv-181 <br><br> **COMPLAINT** <br> **(Jury Trial Requested)** |

**COMES NOW** the Plaintiff, Kristie Semrow, and for her causes of action against the Defendant, Delta Air Lines, Inc., states the following:

### PARTIES, JURISDICTION, & VENUE

1. Plaintiff, Kristie Semrow, at all times material hereto, was a resident of Polk County, Iowa.

2. Defendant, Delta Air Lines, Inc, at all times material hereto, was a Delaware corporation with its corporate headquarters in Atlanta, Georgia. At all times material hereto, Defendant, Delta Air Lines, Inc. conducted business in Polk County, Iowa.

3. Defendant, Delta Air Lines, Inc. conducts business in the Southern District of Iowa. Defendant operates commercial air service in the Southern District of Iowa. Defendant regularly operates flights and sells tickets to customers within the Southern District of Iowa. Defendant, Delta Air Lines, Inc. has purposefully availed itself of the privileges of conducting activities within the Southern District of Iowa.

1

4. Plaintiff, Kristie Semrow, purchased an airline ticket from Defendant, Delta Air Lines, Inc., for a flight on November 4, 2021, from Des Moines, Iowa to Orlando, Florida.

5. The amount in controversy exceeds $75,000.00, therefore this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1).

6. Venue is properly laid in this jurisdiction pursuant to 28 U.S.C. § 1391(b)(1).

## OPERATIVE FACTS

7. On November 4, 2021, Plaintiff, Kristie Semrow, boarded a flight from Des Moines International Airport in Des Moines, Iowa for a trip to Orlando, Florida.

8. The flight from Des Moines, Iowa to Orlando, Florida, included a layover at Hartsfield-Jackson Atlanta International Airport in Atlanta, Georgia.

9. Plaintiff, Kristie Semrow's husband and three daughters were also on the flights from Des Moines, Iowa to Orlando, Florida.

10. After Plaintiff, Kristie Semrow's flight arrived in Atlanta, Georgia, Plaintiff, Kristie Semrow, and her family boarded Delta Airlines Flight 2816 from Hartsfield-Jackson Atlanta International Airport in Atlanta, Georgia to Orlando International Airport in Orlando, Florida.

11. Plaintiff and her family members were seated across the last row of seats in the back of the Delta flight.

12. Directly over the head of Plaintiff's youngest daughter, there was a Delta crew overhead bin.

13. The Delta crew overhead bin was stuffed full of equipment related to the crew and/or operations of the airplane.

14. The bin was so full of equipment that it was not possible for passengers to use it for their own luggage or personal items.

15. The Delta crew member who last accessed this bin did not properly close and latch it.

16. Delta crew members were responsible for double-checking that all overhead bins were closed and latched, to eliminate or minimize the danger of things falling out and causing injuries during takeoff and flight.

17. The Delta crew member(s) who were responsible for this inspection and double-checking failed to do so and did not secure the crew storage bin located over the head of Plaintiff's youngest daughter.

18. As the plane began to take off, the overhead compartment door opened.

19. Plaintiff, Kristie Semrow, saw the overhead compartment door open.

20. Plaintiff, her husband, and another passenger could not see whether items in the bin were about to fall and injure Plaintiff's daughter.

21. The aircraft was still ascending. Plaintiff could feel it roll, yaw, and pitch.

22. Plaintiff did not know what further movements the aircraft would go through as it continued its ascent and then set course for its destination.

23. Plaintiff's daughter could not move. She was seatbelted for takeoff.

24. Plaintiff, her husband, and a helpful stranger seated next to Plaintiff were unable to close and latch the bin while seatbelted.

25. Plaintiff felt that she needed to take action to prevent heavy equipment from falling on her daughter and injuring her as a result of the aircraft's motion.

26. Plaintiff, Kristie Semrow, took off her seat belt and attempted to stand up to close the overhead compartment door to protect her daughter from injury. In the process of attempting to quickly stand up, Plaintiff, Kristie Semrow, sustained a significant injury.

**COUNT – NEGLIGENCE OF DEFENDANT, DELTA AIR LINES, INC.**

27. Plaintiff realleges paragraphs 1–26 as if fully set forth herein.

28. Defendant, Delta Air Lines, Inc. owed its customers, including Plaintiff, a duty of reasonable care during the course of its flight.

29. As a common carrier for hire that provides flights to customers for a fee, Defendant, Delta Air Lines, Inc. owed its passengers, including Plaintiff, Kristie Semrow, the highest standard of care to ensure the safety and well-being of its passengers.

30. As a common carrier, Defendant had a duty to exercise more than ordinary care to protect Plaintiff and her family.

31. As a common carrier, Defendant had a duty both to anticipate any possible danger to Plaintiff and to guard against it.

32. Defendant, Delta Air Lines, Inc. and its employees knew or should have known that failing to properly secure overhead compartments created a significant risk of injury to its customers.

33. While loading the luggage in the overhead compartment, Defendant, Delta Air Lines, Inc. through its employees, was negligent in one or more of the following ways:

   a. Failing to properly secure the overhead compartment while loading equipment;

   b. Failing to check that the overhead compartments had been properly secured before take off;

   c. Failing to properly train or instruct its employees how to perform their duties in checking that the overhead compartments had been properly secured before take off;

   d. Failing to monitor the safety of the overhead bins during takeoff;

   e. Failing to take action to prevent injury following the overhead bin popping open during takeoff; and

   f. Failing to act as a reasonable airline.

34. The negligent employees and agents were acting within the scope of their employment and agency with Defendant, Delta Air Lines, Inc.

35. Under the doctrine of *respondeat superior* liability, Defendant, Delta Air Lines, Inc. is liable for the acts and omissions of the negligent employees and agents.

36. The negligence of Defendant, Delta Air Lines, Inc. through its employees and agents, was a cause of the injuries suffered by Plaintiff, Kristie Semrow, and the resulting damages as more fully described below.

## DAMAGES

37. As a result of the above described acts and omissions of Defendant, Delta Air Lines, Inc. and its employees, Plaintiff, Kristie Semrow, has sustained injuries and damages as follows:

   a. Past medical expenses;

   b. Future medical expenses;

   c. Past physical and mental pain and suffering;

   d. Future physical and mental pain and suffering;

   e. Past loss of full function of the mind and body;

   f. Future loss of full function of the mind and body;

   g. Past lost wages;

   h. Loss of future earning capacity; and

   i. Other miscellaneous expenses.

**WHEREFORE**, Plaintiff, Kristie Semrow, respectfully requests a judgment against Defendant, Delta Air Lines, Inc., for the injuries and damages she has sustained, together with interest and costs, all as provided by law, and for any other relief to which she is entitled.

## REQUEST FOR A JURY TRIAL

Plaintiff hereby requests a jury trial of all issues so triable in this action.

Respectfully submitted,

By: _____
James J. Biscoglia  AT0000939
Andrew Heiting-Doane AT0009394
LaMARCA LAW GROUP, P.C.
1820 N.W. 118th Street, Suite 200
Des Moines, Iowa 50325
Telephone: 515-225-2600
Facsimile: 515-225-8581
Email: james@lamarcalawgroup.com
       andy@lamarcalawgroup.com

ATTORNEYS FOR PLAINTIFF